**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-35-SNLJ |
| | ) | |
| CALEB SHELTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Lamon Taneal Hemingway, Sr. for leave to proceed *in forma pauperis*. (Docket No. 2). Having reviewed the financial information plaintiff submitted in support, the Court determines that plaintiff is unable to pay the full amount of the filing fee. The motion will therefore be granted. In addition, as will be explained below, the complaint will be dismissed as to defendants Jason Lewis, Paula Reed, Ian Wallace, Bill Stange, and Missouri Department of Corrections Director, and the Court will direct the Clerk of Court to issue process as to defendants Caleb Shelton, Molly Fields, and Trevor Proffer in their individual capacities.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $8.50. The Court will therefore assess an initial partial filing fee of $1.70, twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004)

(federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights. Named as defendants are Caleb Shelton, Molly Fields, Trevor Proffer, Jason Lewis, Paul Reed, Ian Wallace, Bill Stange, and Missouri Department of Corrections Director. Plaintiff alleges as follows.

On November 16, 2016, Shelton and Fields brought a prisoner named Hill to plaintiff's cell. Plaintiff told Shelton and Fields that Hill was his enemy and that he feared for his life because Hill had previously threatened him. Plaintiff asked to be removed from the cell. Fields handed plaintiff an enemy declaration form, which plaintiff completed and returned to Fields. Fields read the form and placed it in her pocket, and plaintiff was cuffed and removed from the cell. Fields and Shelton then spoke to each other, and then told plaintiff to return to the cell. Plaintiff refused, stating that he was afraid of Hill but he ultimately reentered the cell after Shelton and Fields threatened to use mace. Once plaintiff was back in the cell, Shelton told plaintiff he would be remaining there, and told him to uncuff. Plaintiff again protested being left in the cell with Hill, and asked to be removed. Shelton stated that he was going to mace plaintiff. Hill then said, in the presence of Shelton and Fields, " . . . if you get me maced Imma kill you." (Docket No. 1 at 8). Shelton then grabbed a tether that was apparently attached to plaintiff's handcuffs and pulled him through the food port door, causing deep lacerations on plaintiff's

wrists and left arm. Shelton continued to pull the tether, causing plaintiff's right shoulder to dislocate. Shelton then removed the cuffs.

Proffer then arrived on the scene, and plaintiff explained the situation to him. Proffer read the enemy declaration form and then stated to Fields and Shelton, "f**k him, let's go." (*Id.* at 9). The three departed, leaving plaintiff in the cell with Hill.

Hill punched, threatened and intimidated plaintiff. Plaintiff "had to use the bunks bar to manipulate his arm to pop it back into its socket as plaintiff was unsure if Hill would attack again." (*Id.*) Plaintiff was left in the cell with Hill all night and feared for his life. The next morning, plaintiff was removed from the cell. He seeks monetary and equitable relief.

## Discussion

### Defendants Lewis, Reed, Wallace, Stange, and Missouri Department of Corrections Director

Plaintiff has failed to state a claim against Lewis, Reed, Wallace, Stange, or Missouri Department of Corrections Director. While plaintiff named these individuals as defendants in this action, he does not allege that they committed any wrongdoing. In fact, plaintiff does not mention these individuals at all except to list their names as defendants in the caption. Therefore, plaintiff's claims against Lewis, Reed, Wallace, Stange, and Missouri Department of Corrections Director will be dismissed. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

**Defendants Shelton, Fields and Proffer – Official Capacity Claims**

Plaintiff sues defendants Shelton, Fields and Proffer in their individual and official capacities. Plaintiff's official capacity claims against these defendants are assumed to be claims against their public employer, the Missouri Department of Corrections ("MDOC"), a state agency. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (*citing Kentucky v. Graham*, 473 U.S. 159, 169 (1985)); *see also Walker v. Missouri Dept. of Corrections*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing MDOC as state agency); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official). "[N]either a State nor its officials acting in their official capacity are 'persons' subject to suit under § 1983." W*ill*, 491 U.S. at 71. To the extent plaintiff can be understood to seek prospective injunctive relief against these defendants in their official capacities, such claims fail because plaintiff does not allege they are committing ongoing violations of federal law. *See Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002). Because plaintiff fails to state a claim against Shelton, Fields or Proffer in their official capacities, those claims will be dismissed.

**Defendants Shelton, Fields and Proffer –Individual Capacity Claims**

Plaintiff alleges that Shelton, Fields and Proffer forced him to share a cell with Hill despite plaintiff's oral and written statements that Hill had threatened him in the past and was his declared enemy. In the case of Shelton and Fields, plaintiff also alleges they forced him to share the cell with Hill despite hearing Hill threaten to kill him. Plaintiff alleges that Hill punched, threatened and intimidated him, causing him to fear for his life. To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference,

and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked). The Court determines that the complaint survives initial review as to plaintiff's failure-to-protect claims against Shelton, Fields and Proffer.

Plaintiff also alleges that Shelton pulled him roughly through the food port door, causing deep lacerations and shoulder dislocation. It is well established that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Court determines that the complaint survives initial review as to plaintiff's excessive force claim against Shelton.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.70 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that defendants Jason Lewis, Paula Reed, Ian Wallace, Bill Stange, and Missouri Department of Corrections Director are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the official capacity claims against Caleb Shelton, Molly Fields, and Trevor Proffer are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Caleb Shelton, Molly Fields, and Trevor Proffer in their individual capacities.

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE