# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-35-SNLJ |
| | ) | |
| CALEB SHELTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon a motion filed by plaintiff, apparently seeking injunctive relief. (Docket No. 3). Although docketed as a motion, the document is entitled "Order to Show Cause for an [*sic*] Preliminary Injunction and a Temporary Restraining Order," and is formatted as if it were an order entered by the Court. *Id.* It is unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all his pleadings, motions, and other papers, and directs the Court to " . . . strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Normally, therefore, the Court would give plaintiff an opportunity to sign the motion. However, for the reasons stated below, doing so here would be futile.

Rule 65 of the Federal Rules of Civil Procedure is applicable, and requires the Court to consider the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. Fed. R. Civ. P. 65(b); *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (when considering whether to grant preliminary injunctive relief, the Court must consider the threat of irreparable harm to the movant, the balance between this harm and the injury that granting the injunction will inflict on other parties, the probability of movant's success on the merits, and the public interest). In the

prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995) (citing *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). For an injunction to issue "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.*

Here, plaintiff essentially asks the Court to enjoin defendants Caleb Shelton, Molly Fields, and Trevor Proffer from placing him in cells with prisoners he has declared his enemies. In the complaint, plaintiff sues these individuals for violating his constitutional rights on December 16, 2016 by placing him in a cell with an inmate named Hill. Plaintiff alleges nothing tending to show a cognizable danger of future violation. Because plaintiff only speculates that placement in a cell with an enemy may possibly occur again in the future, it does not appear that this is a situation involving threat of irreparable harm. Also, because the relief plaintiff seeks is essentially the same as the relief he seeks in the complaint, granting the motion would be tantamount to adjudicating in plaintiff's favor on the merits of the case. Doing so now would deny defendants the opportunity for discovery and for development of the facts. Finally, the Court is hesitant to interfere in the complex and intractable problems associated with prison administration. Therefore, even if the motion were properly before the Court, the Court would deny it as meritless.

Accordingly,

**IT IS HEREBY ORDERED** that the motion (Docket No. 3) is **STRICKEN** pursuant to Rule 11(a) of the Federal Rules of Civil Procedure.

Dated this 18th day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE