UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMON TANEAL HEMINGWAY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00035-SNLJ |
| | ) |
| CALEB SHELTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for summary judgment (#51), plaintiff's motion for leave to file exhibits (#54), and defendants' motion for summary judgment (#55).[1] For the reasons set forth below, this Court will **GRANT** defendants' motion while treating it as a motion to dismiss pursuant to *Porter v. Sturm*, 781 F.3d 448, 452-453 (8th Cir. 2015). Therefore, this matter will be **DISMISSED without prejudice** and all other motions will be **DENIED AS MOOT**.[2]

### I. BACKGROUND

The parties agree on the following facts.[3]

---

[1] Though other defendants had originally been named in this case, many were previously dismissed by this Court and, in an event, plaintiff's amended complaint names only three: Caleb Shelton, Mollie Fields, and Trevor Proffer. All three join together in seeking summary judgment.

[2] Plaintiff's motion for leave to file exhibits appears to be an effort to seek leave to file exhibits as part of the statement of facts supporting his summary judgment. Leave is not generally required in this respect, as Rule 56(c)(1)(A) requires assertions of fact to be supported by record evidence, which typically results in the filing of supportive exhibits. In any event, this Court does not reach the merits of summary judgment, therefore plaintiff's motion is moot.

[3] Plaintiff did not respond to defendants' statement of facts. Therefore, pursuant to Local Rule 7-4.01(E), those facts are deemed admitted by plaintiff. *See Riley v. U.S. Bank*, 2009 WL 2757048 at *1 (E.D. Mo. Aug. 26, 2009).

1

During the relevant time period, plaintiff was an inmate at Missouri's Southeast Correctional Center (SECC). On November 16, 2016, plaintiff was placed in a cell with fellow inmate Theodis Hill, at which point plaintiff declared to defendants Shelton and Fields that Hill "was his enemy." Plaintiff requested an "enemy declaration form" and Fields left to retrieve one for him. Plaintiff then continued to protest his cell assignment to Shelton. Shelton directed plaintiff to place his hands in the food port door of the cell so that plaintiff's wrist restraints could be removed. Plaintiff refused to relinquish his wrist restraints, prompting Shelton's use of a mechanical tether to pull plaintiff's hands through the food port door. Fields then radioed for help from their commander, Sergeant Proffer. When Proffer arrived, plaintiff became compliant and allowed Shelton to remove the wrist restraints. Plaintiff was seen by a nurse a few minutes later, who determined that plaintiff suffered "a minor abrasion to his left wrist, for which no treatment was given."

The parties' stories diverge at this point. Plaintiff states that he was "assaulted later by offender Hill." In support, he cites generally to his own amended complaint and defendants' answer. In paragraph 37 of the amended complaint, it is alleged that Hill "punched plaintiff in his face," to which defendants answered—at the time—that they were "without sufficient knowledge or information to admit or deny [that] allegation." In moving for summary judgment, defendants now state that medical records show plaintiff reported no injuries following the night he spent with Hill. They also cite their own affidavits in explaining "Theodis Hill did not injure [plaintiff]." A review of these affidavits, however, indicates only that *they* did not harm plaintiff through the purported

"use of force"—to say nothing of what happened in a failure-to-protect-type context when plaintiff was left alone with Hill following their departure from the cell wing.

Plaintiff's amended complaint alleges what amounts to two counts: excessive force and failure-to-protect. Defendants argue summary judgment should be awarded to them on a number of grounds, including that plaintiff failed to administratively exhaust his claims and that the facts simply do not sufficiently support each element of plaintiff's claims. Defendants also argue they are entitled to qualified immunity.

## II. ANALYSIS

The Court finds it need only address the issue of administrative exhaustion, as that issue is outcome determinative. "An inmate must exhaust all available administrative remedies before bringing a § 1983 suit." *Porter v. Sturm*, 781 F.3d 448, 452-453 (8th Cir. 2015). When exhaustion is lacking, the Eighth Circuit has indicated the court should refraining from opining on the merits of summary judgment and should, instead, simply dismiss the case without prejudice. *Id.* at 452-453 (finding plaintiff failed to exhaust, stating that dismissal without prejudice is therefore mandatory, and vacating summary judgment while affirming dismissal with instructions on remand to make it without prejudice); *Barbee v. Corr. Med. Servs.*, 394 Fed.Appx. 337, 337 (8th Cir. 2010) (affirming dismissal without prejudice but vacating grant of summary judgment).

Here, the amended complaint makes clear that plaintiff did nothing to engage the administrative grievance process related to his claims. He checked a box admitting as much on page 2:

III.  GRIEVANCE PROCEDURES:

  A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

      YES [✓]          NO [ ]

  B. Have you presented this grievance system the facts which are at issue in this complaint?

      YES [ ]          NO [✓]

[Doc. #17, p. 2]. Plaintiff also tacitly admits this in his arguments, as his defense is not that he, in fact, exhausted his administrative remedies despite defendants' contrary assertions; rather, he states simply that he was somehow "thwarted" in doing so. But, he provides no names, no specific allegations, and no evidence explaining how he was "thwarted" from engaging the grievance process. The Eighth Circuit's discussion in *Porter* makes clear that not every act or omission by prison officials will constitute evidence of an effort to prevent a prisoner from utilizing the grievance process. *See Porter*, 781 F.3d at 452 (noting that delays in responding to prisoner's grievance did not prevent him from continuing the grievance process, for example by attempting to appeal). Thus, this Court is not obliged to simply take plaintiff at his word—vague as it is. *See Smith v. St. Louis City Jails*, 2016 WL 319552 at *4 (E.D. Mo. Jan. 27, 2016) (holding that, while plaintiff alleged he exhausted remedies and that prison officials tried to prevent him from doing so, he failed to offer any evidence to that effect).

The issue of exhaustion is ultimately an affirmative defense that defendants bear the burden of proving. *Jones v. Bock*, 549 U.S. 199, 211-212 (2007). Defendants have

submitted an affidavit from the SECC litigations coordinator, Jennifer Bohnert, who attested "there are (0) IRR/Grievances for [plaintiff] for the dates of 11-16-16 to 11-17-16 or regarding the request of protective custody on those dates." (Doc. #57-1). Plaintiff provides nothing to counter that affidavit beyond his own self-serving argument to the contrary, which is fatal to his position. *See Witte v. Culton*, 2013 WL 639309 at *4 (E.D. Mo. Feb. 21, 2013) (holding that plaintiff's bare allegations to the contrary were insufficient to rebut defendant's affidavit attesting that plaintiff did not file a grievance nor exhaust his administrative remedies); *see also Smith v. Int'l Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008) ("[A] plaintiff may not merely point to unsupported self-serving allegations," but "must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor."). Because this Court finds plaintiff failed to exhaust his administrative remedies, plaintiff was not, therefore, entitled to bring this Section 1983 action and it will be dismissed without prejudice as a consequence. *See Porter*, 781 F.3d at 451-452 (holding that, when exhaustion has not occurred, "[d]ismissal without prejudice is mandatory"); *see also* 42 U.S.C. § 1997e(a).

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#55) is **GRANTED**, but that motion shall be treated as a motion to dismiss. Therefore, this matter is hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all other motions are **DENIED AS MOOT**.

So ordered this 12th day of April 2019.

                                                                   STEPHEN N. LIMBAUGH, JR.
                                                                   UNITED STATES DISTRICT JUDGE